UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISA R. J.[1] , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:19-CV-843-MGG |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Lisa J. seeks judicial review of the Social Security Commissioner's decision denying Ms. J.'s applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. This Court may enter a ruling in this matter based on parties' consent pursuant to 28 U.S.C. § 636(b)(1)(B) and 42 U.S.C. § 405(g). For the reasons discussed below, the Court **REMANDS** the decision of the Commissioner of the Social Security Administration ("SSA").

**I.    OVERVIEW OF THE CASE**

Ms. J. applied for DIB and SSI on May 2, 2016. In her applications, she alleged a disability onset date of October 1, 2015. Ms. J.'s applications were denied initially on June 16, 2016, and upon reconsideration on September 12, 2016. Following a hearing on

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

May 24, 2018, the Administrative Law Judge ("ALJ") issued a decision on October 26, 2018, which affirmed the Social Security Administration's denial of benefits. The ALJ found that Ms. J. suffers from the following severe impairments: left plantar fasciitis and heel spur, status post left hamstring rupture, hypothyroid, Hashimoto's thyroiditis, hypertension, and obesity. The ALJ found that Ms. J. suffers from the non-severe impairments of generalized anxiety disorder and right thigh pain. The ALJ also found that none of Ms. J.'s severe impairments, nor any combination of her impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Further, the ALJ found that Ms. J. had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with certain additional limitations. Ms. J. has past relevant work as a library director. The ALJ concluded, based on the testimony of the vocational expert, that Ms. J. has the ability to meet the requirements for employment as a library director as generally performed, but not as she actually performed the job. Based upon these findings, the ALJ denied Ms. J.'s claims for DIB and SSI.

## II.  DISABILITY STANDARD

In order to qualify for DIB or SSI, a claimant must be "disabled" as defined under the Act. A person is disabled under the Act if "he or she has an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner's five-step inquiry in evaluating claims for DIB and SSI under the Act includes determinations as to: (1) whether the claimant is doing substantial gainful activity ("SGA"); (2) whether the claimant's impairments are severe; (3) whether any of the claimant's impairments, alone or in combination, meet or equal one of the Listings in Appendix 1 to Subpart P of Part 404; (4) whether the claimant can perform her past relevant work based upon her RFC; and (5) whether the claimant is capable of performing other work. 20 C.F.R. § 416.920. The claimant bears the burden of proof at every step except the fifth. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### III.   STANDARD OF REVIEW

This Court has authority to review a disability decision by the Commissioner pursuant to 42 U.S.C. § 405(g). However, this Court's role in reviewing Social Security cases is limited. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court must uphold the ALJ's decision so long as it is supported by substantial evidence. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (citing *Similia v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009)). The deference for the ALJ's decision is lessened where the ALJ's findings contain errors of fact or logic or fail to apply the correct legal standard. *Schomas v. Colvin*, 732 F.3d 702, 709 (7th Cir. 2013).

Additionally, an ALJ's decision cannot stand if it lacks evidentiary support or inadequately discusses the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). An ALJ's decision will lack sufficient evidentiary support and require remand if it is clear that the ALJ "cherry-picked" the record to support a finding of non-disability. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *see also Wilson v. Colvin*, 48 F. Supp. 3d 1140,

1147 (N.D. Ill. 2014). At a minimum, an ALJ must articulate his analysis of the record to allow the reviewing court to trace the path of his reasoning and to be assured the ALJ has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). While the ALJ need not specifically address every piece of evidence in the record to present the requisite "logical bridge" from the evidence to his conclusions, the ALJ must at least provide a glimpse into the reasoning behind his analysis and the decision to deny benefits. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *see also Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Thus, the question upon judicial review is not whether the claimant is, in fact, disabled, but whether the ALJ used "the correct legal standards and the decision [was] supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2007).

IV. **ANALYSIS**

Ms. J. argues that the ALJ erred by failing to provide for her non-severe impairment of anxiety in the RFC.

The ALJ found that Ms. J.'s anxiety was a non-severe impairment at step two. [DE 12 at 22]. The ALJ found that Ms. J. has mild limitations in her ability to understand, remember, or apply information; in interacting with others; and in concentrating, persisting, or maintaining pace. [*Id.*]. The ALJ stated that although Ms. J. showed anxious mood at times, "she otherwise had a normal mood and affect throughout the record. She had good memory, no evidence of psychosis, and no personality abnormalities. She was also pleasant and had normal judgment and insight." [*Id.*]. The ALJ further noted that Ms. J. received minimal treatment for her

4

anxiety, and that she is not on any medication. [*Id.*]. Therefore, the ALJ found her anxiety to be non-severe without only mild limitations in any of the "paragraph B" areas. [*Id.*] The ALJ did not provide any mental health limitations in the RFC. [*Id.* at 24].

In making an RFC determination, an ALJ must "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). An ALJ must fully consider a claimant's mental impairments when assessing the RFC, even if those impairments are non-severe. *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). Even mild limitations in understanding, recalling. or applying information and in concentrating, persisting or maintaining pace can impact a claimant's ability to perform past skilled work, such as Ms. J.'s past work as a library director. *Winfield v. Comm'r of Soc. Sec.*, Cause No. 2:11-cv-432-PPS, 2013 WL 692408, at *3 (N.D. Ind. Feb. 25, 2013). "A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); accord *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

The ALJ fails to discuss Ms. J.'s mild impairments in the paragraph B criteria. The ALJ stated that:

> The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional

5

> capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis."

[DE 12 at 23]. However, there is no paragraph B mental function analysis in this decision. There is no analysis at step 2, and no analysis in the RFC discussion.

Ms. J. showed symptoms of anxiety throughout the medical record. The record indicates she appeared nervous and anxious. [DE 12 at 360, 362]. Her physicians noted her anxiety throughout the record. [*Id.* at 309, 339, 387, 411, 416, 610]. Medical records note that Ms. J. struggles with concentration, focus, and being out in crowds. [*Id.* at 310, 313, 317, 346-47, 387-88]. In July 2017, Ms. J.'s physician noted that she still struggled with memory, anxiety, and dizziness despite improvement in her thyroid impairment. [*Id.* at 418]. At the consultative psychological exam, Ms. J. stated she struggled with anxiety that she understood to be caused by her endocrine problems, and that therefore she did not take anti-anxiety medication. [*Id.* at 330]. She reported being isolated with only one visiting friend, and that she avoided grocery shopping. [*Id.* at 331]. She also had difficulty performing the serial 7 memory and concentration test. [*Id.* at 329].

Moreover, Ms. J.'s daughter reported that Ms. J. interacted with others primarily over the phone due to her anxiety. [DE 12 at 253]. Her daughter stated that she had to do all of Ms. J.'s finances due to "problems with comprehension. [DE 12 at 252]. She also stated that Ms. J. struggled with concentration, that she did not handles stress well, and that "she has become very anxious at times and unable to interact with others like she used to." [*Id.* at 255].

The ALJ's only discussion of Ms. J.'s mental impairments exists at step 2, where the ALJ lists the findings from the consultative examination and then lists areas of the record where Ms. J. had "good memory," "normal mood and affect," and was "alert and oriented." [DE 12 at 22]. However, the ALJ provided no discussion of the areas in the record where her anxiety and problems with concentration were mentioned. Considering the evidence of Ms. J.'s anxiety, the ALJ erred by failing to fully consider and analyze whether Ms. J.'s mild limitations in the paragraph B criteria would require limitations in the RFC.

The ALJ also states that Ms. J. received minimal treatment and did not take medication. As an initial matter, the ALJ failed to consider why Ms. J. did not take medication. Ms. J. told the consultative examiner that she "has been given to understand that her anxiety problems are driven by her endocrine problems," and that she prefers not to take any medication for her anxiety. [DE 12 at 330]. A failure to pursue treatment that a claimant believes is ineffective does not indicate that the claimant is not experiencing symptoms. *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006). Ms. J. pursued treatment for her endocrine impairments, which she believed were the cause of her anxiety. The ALJ also pointed to minimal treatment in dismissing her anxiety. However, the rulings require the ALJ to question a claimant about her treatment decisions before finding she is not as limited as alleged due to a failure to pursue treatment. *See*, e.g., *Beardsley v. Colvin*, 758 F.3d 832, 840 (7th Cir. 2014); *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008); SSR 16-3p. Here, the ALJ failed to properly question Ms. J. about her lack of mental health treatment for her anxiety.

7

This error is compounded by the fact that Ms. J.'s past work as a library director is skilled work, and it is possible that any changes to the RFC and subsequent hypothetical may alter whether Ms. J. could perform her past work. [DE 12 at 64]. The ALJ must provide a full discussion of Ms. J.'s anxiety and the paragraph B limitations. On this record, the Court cannot be sure that the ALJ fully considered Ms. J.'s impairments when no discussion of the paragraph B criteria was made either at step 2 or in the RFC narrative.

Ms. J. makes other arguments regarding her RFC and the testimony given by the VE, but since the Court is remanding based on errors in mental health RFC and discussing her anxiety, the Court need not consider those arguments at this time. The ALJ will have the opportunity to fully discuss and reevaluate the rest of Ms. J.'s allegations on remand. This is not to say that there are no other errors in the ALJ decision, but the Court need not discuss them when errors are already present in the ALJ's analysis and discussion of her mental impairments.

**V.  CONCLUSION**

For the reasons stated above, the ALJ erred in analyzing Ms. J.'s anxiety and her mental RFC. Accordingly, the Commissioner's decision is **REMANDED**.

**SO ORDERED** this 3rd day of June 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge